IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HEATHER WOOD and
BRENT WOOD                                                          PLAINTIFFS

VS.                           CASE NO. 09-CV-4066

UNITED STATES OF AMERICA                                            DEFENDANT

## **ORDER**

Before the Court is a Motion to Dismiss filed on behalf of Defendant United States of America. (Doc. No. 10). The Plaintiffs have not responded to the motion and the time to respond has passed. The Court finds the matter ripe for consideration.

Plaintiffs filed this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. In their Amended Complaint, Plaintiffs state that they are residents of Arkansas, within the jurisdiction of this Court. They also state that the tortuous conduct alleged in the complaint occurred at Womack Army Medical Center, Fort Bragg, North Carolina. In response to the complaint, the United States asks that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue) and 12(b)(5) (insufficient service of process).

The United States first argues that this case should be dismissed because it was filed in the wrong district. Any civil action on a tort claim against the United States may be prosecuted only in the judicial district where the plaintiff resides or where the act complained of occurred. 28 U.S.C. § 1402(b). In this case, the Plaintiffs claim that they are residents of the Western District of Arkansas. However, evidence before the Court indicates that Plaintiffs reside in Cabot, Arkansas, which is in the Eastern District of Arkansas. Plaintiffs also claim that the tortuous act upon which

this case is based occurred at the Womack Army Medical Center in North Carolina. This case should have been filed in either the Eastern District of Arkansas, where the Plaintiffs reside, or the Eastern District of North Carolina, where the act occurred. Venue is not proper in this Court because it sits in the Western District of Arkansas.

If a case is filed in the wrong venue, the district court shall dismiss the case, or if it be in the interest of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). Accordingly, since this case was filed in the wrong district, the Court must either dismiss the case or transfer it to a district in which it could have been brought.

The United States also argues that this case should be dismissed because it was not properly served by the Plaintiffs. In order to serve the United States, a party must deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought, or to an assistant United States attorney or a clerical employee whom the United States attorney has designated to receive service ... . Fed. R. Civ. P. 4(i). In this case, the Plaintiffs left a copy of the summons and complaint in the office of the United States Attorney for the Eastern District of Texas. This is not sufficient to serve the United States Attorney for the Western District of Arkansas or her designee. Thus, the Court finds that the United States was not properly served in this case.

Based upon the above, the Court finds that Defendant United States of America's Motion to Dismiss should be and hereby is **granted**. Accordingly, the Plaintiffs' Amended Complaint is dismissed without prejudice.

IT IS SO ORDERED, this 11th day of February, 2010.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge